IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIDGET M. MCDONNELL *
*
v. * Civil Action No. WMN-11-3284
*
DEPUTY KELLY *
HEWITT-ANGLEBERGER et al. *
*
* * * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Before the Court is a Motion for a Protective Order, ECF No. 21, filed by Defendant Kelly Hewitt-Angleberger. The motion is fully briefed. Upon review of the papers and applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's Motion will be denied.

Plaintiff filed suit against the Board of County Commissioners for Frederick County, Maryland (the County), Sheriff Charles Jenkins (Sheriff Jenkins) and Deputy Kelly Hewitt-Angleberger (Defendant), based upon an alleged incident during the arrest and detention of Plaintiff on April 22, 2009.[1] The Court dismissed the County and Sheriff Jenkins from the case on April 19, 2012. ECF No. 16.

The parties are now well into discovery and Plaintiff has noted the deposition duces tecum of Barbra Day Bartgis. Ms.

[1] Plaintiff also named the State of Maryland as a defendant, but voluntarily dismissed the State on February 2, 2012. See ECF No. 12.

Bartgis is the Director of the Office of Professional Responsibility in the Frederick County Sheriff's Office and was responsible for investigating the complaint Plaintiff made against Defendant through the Sheriff's Office. The information Plaintiff is seeking thus falls into two categories: (1) the testimony of Ms. Bartgis, and (2) "all files pertaining to the Internal Affairs Investigation arising from the arrest of Bridget McDonnell, DOB; 9/3/1958 on April 22, 2009 and any other documents pertaining to said event." ECF No. 21-1 (Notice of Deposition).

Defendant brings her motion pursuant to Fed. R. Civ. P. 26(b)(2)(C), Md. Code Ann., State Gov't § 10-616, which is part of the Maryland Public Information Act (MPIA), and Md. Code Ann., Pub. Safety § 3-104, which is part of the Law Enforcement Officers Bill of Rights (LEOBR). She requests that the Court quash the subpoena commanding the Ms. Bartgis to appear at deposition and quash the subpoena "to the extent it seeks Internal Affairs records made confidential and privileged by State Law or, in the alternative, issue a protective order denying disclosure of the records pending an in camera review of the subject records in order that the Court may determine whether the records need be disclosed." ECF No. 21 at 2.

Defendant argues that the subpoena compelling Ms. Bartgis' appearance at deposition should be quashed because Ms. Bartgis

has no first-hand knowledge of the incident, the information Plaintiff seeks is available from other sources, and because requiring Ms. Bartgis to appear would be unduly burdensome.[2] None of Defendant's arguments provide a sufficient justification for the relief she seeks.

Fed. R. Civ. P. 26(b)(1) makes clear that the scope of discovery is broad. Indeed, to be discoverable, information need not be admissible at trial, but only "reasonably calculated to lead to the discovery of admissible evidence." Id. Thus, the fact that Ms. Bartgis may not have personal knowledge of the alleged incident does not limit Plaintiff's right to take her deposition. Given that Ms. Bartgis was responsible for investigating Plaintiff's complaint with the Sherriff's Office, the Court can easily conclude that taking Ms. Bartgis' deposition is "reasonably calculated to lead to the discovery of admissible evidence." Id.

Defendant also argues that forcing Ms. Bartgis to appear for deposition would be unduly burdensome within the meaning of Fed. R. Civ. P. 26(b)(2)(C). Defendant seems to suggest that Ms. Bartgis' position is similar to that of a high ranking

[2] The Court finds this line of argument curious because the pending motion was brought by Defendant and not Ms. Bartgis herself. It seems that the right to be free from a subpoena, for the reasons advanced here, belongs to Ms. Bartgis. The fact that she did not bring this motion, nor did she supply an affidavit in support of the motion, significantly undercuts Defendant's position.

corporate officer who may be unfamiliar with the day-to-day activities of the organization and who could be subjected to discovery abuse.  ECF No. 21 at 4-5.  Defendant's analogy, however, does not fit.  Having been responsible for the Sherriff Office's investigation of the alleged incident, the Court can conceive of no reason why Ms. Bartgis would not have enough personal familiarity with the facts of the case to be deposed without risk of abuse.

With regard to the records Plaintiff is seeking, Defendant argues that they are made confidential and privileged by the MPIA and the LEOBR and are therefore not discoverable.  Defendant's position is quickly dispatched by the cases she cites in her motion.  In Mezu v. Morgan State University, 269 F.R.D. 565, 576 (D. Md. 2010), this Court made clear that the "MPIA does not bar discovery of otherwise-discoverable documents."  See also Shriner v. Annapolis City Police Dept., Case No. ELH-11-2633, 2012 WL 959380 at *3 (D. Md. Mar. 19, 2012).  Defendant appears to recognize that her request for complete non-disclosure is tenuous by suggesting, late in her memorandum, that the Court review the requested documents in camera before determining whether they are discoverable.  This is more in line with the Court's guidance in Mezu where the Court noted that the MPIA "[a]t most, [] could be used as a basis to seek a protective order under Rule 26(c), [and] to ask

the Court to impose conditions regarding the production of records within the scope of the MPIA that would adequately address any confidentiality concerns."  269 F.R.D. at 576-77.  If that is Defendant's aim, she also bears the burden of justifying the protective order.  See Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) ("Rule 26(c) places the burden of persuasion on the party seeking the protective order"); see also Local Rule 104.13(b).  At this point, Defendant has failed to meet that burden because she has not specified which portions of the records she seeks to have protected from disclosure or the anticipated negative effects she would face if they were made available to Plaintiff.  Such "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  Cipollone, 785 F.2d at 1121.

   Therefore, it is this 4th day of December, 2012, by the United States District Court for the District of Maryland ORDERED:

   1) That Defendant's Motion for a Protective Order, ECF No. 21, is DENIED; and

   2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_______________/s/______________________
William M. Nickerson
Senior United States District Judge